UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO SPEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV02171 ERW |
| | ) | |
| UNKNOWN NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at Jennings City Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is unable to pay the filing fee.[1]  See 28 U.S.C. § 1915(b)(1).  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

---

[1]Plaintiff states that he has been unable to obtain a copy of his prison account statement from the Jennings City Jail.  Accordingly, the Court has been unable to calculate an initial partial filing fee for plaintiff at this time.

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming violations of his rights under the First Amendment of the Constitution. Specifically, plaintiff alleges that he has "not been afforded [access to] a law library" at Jennings City Jail.

### Discussion

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).

> Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. Lewis v. Casey, 518 U.S. 343, ----, 116 S. Ct. 2174, 2179, 135 L. Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, 52 L. Ed.2d 72 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Casey, 518U.S. at ----, 116 S.Ct. at 2180; Bounds, 430 U.S. at 824-28, 97 S. Ct. at 1496-98. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. Casey, 518 U.S. at ----, 116 S. Ct. at 2180; Bounds, 430 U.S. at 828, 97 S. Ct. at 1498.

Myers, 101 F.3d at 544. Because plaintiff fails to allege that he suffered actual prejudice to a non-frivolous legal claim, he has failed to state a denial of access to

courts claim under the First Amendment. Casey, 518 U.S. at 349-55 (1996) (right of access to courts requires showing that inmate had non-frivolous legal claim actually impeded or frustrated).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 6th day of December, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE